## Llewellyn Mining Co., Appellant, *v.* Lloyd.

*Justice of the peace—Appeals—Costs—Northumberland county.*

In Northumberland county a justice of the peace is entitled at least to the costs of appeal, and is not bound to give a transcript of appeal until such costs are paid. If demand is made for more than the appellant believes to be legally due, it is his duty to tender payment of as much as he admits to be chargeable, and in any event it is his duty to pay or tender payment of the costs of appeal.

Argued Oct. 25, 1904. Appeal, No. 260, Oct. T., 1903, by plaintiff, from order of C. P. Northumberland Co., Sept. T., 1903, No. 255, refusing writ of mandamus in case of Llewellyn Mining Company v. Wm. M. Lloyd, Justice of the Peace of Coal Township, Michael O'Leary and John Keagan, Constables. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for mandamus. Before AUTEN, J.

The opinion of the Superior Court states the case.

*Error assigned* was order refusing mandamus.

*J. W. Gillespie*, with him *J. M. Gillespie*, for appellant, cited: Carr v. McGovern, 66 Pa. 457.

*W. H. M. Oram*, with him *John F. Oram*, for appellee, cited: Acor v. Acor, 7 Pa. Dist. Rep. 360; Beistle v. Bingaman, 22 Pa. C. C. Rep. 158; Knapp v. Stoner, 2 York, 128; Lovett v. Blackburn, 4 Del. Co. Rep. 162; De Noon v. Shew, 10 Pa. Dist. Rep. 200; Greer v. Pool, 21 Pa. C. C. Rep. 521; Carbaugh v. Sanders, 13 Pa. Superior Ct. 361; Reese v. Ry. Co., 25 Pa. C. C. Rep. 24; Perry v. O'Neil, 27 Pa. C. C. Rep. 669.

OPINION BY HENDERSON, J., October 9, 1905:

The appellant applied to the court of common pleas for a writ of mandamus directing the defendant to deliver to it transcripts of appeal in certain cases in the petition named wherein judgments had been entered against it by the defendant, a justice of the peace for Coal township in the county

## 130 LLEWELLYN MINING CO., Appellant, v. LLOYD.

of Northumberland. To the alternative writ issued pursuant to the petition, the defendant made return in which he denied that appeals were ever perfected by the defendant in the cases referred to, or that the defendant had ever paid or tendered payment of the costs of appeal in said cases, and averred that at no time did the defendant offer to pay the costs of the appeal or ask for a bill of the same ; that the defendant asked only for a bill of the costs of the transcripts and neither paid, tendered nor offered to pay any portion of the costs of appeal except the costs of the transcripts; that the appellee notified the defendant company that the costs were required and must be paid and that in addition to the costs of suit the costs of appeal were $1.25, which were neither paid nor tendered nor payment thereof waived. It was further alleged in the return that by the provisions of the act of May 10, 1871, P. L. 676, the justices of the peace in that county were entitled to demand and receive from the appellant, in cases tried before them before giving a transcript of appeal, all costs that may have accrued in the action.

To this return the plaintiff demurred, and thereupon a reply and rejoinder were filed. The return of the defendant raised an issue of fact. By demurring the appellant admitted the facts set up in the return. As the case is presented, the fact is established that the appellant did not pay or offer to pay the costs of appeal, nor was such payment waived by the justice. The averment in the petition that the magistrate agreed to deliver transcripts of appeal in each case with his bill or charges for the transcripts is specifically denied. By filing the demurrer, the appellant relieved the appellee from the necessity of supporting the allegations of his return by evidence. On the case as made up, the plaintiff was not entitled to a peremptory writ. The magistrate was at least entitled to the costs of appeal, and was not bound to give a transcript of appeal until these costs were paid. If demand were made for more than the appellant believed to be legally due, it was its duty to tender payment of as much as it admitted to be chargeable, and in any event it was its duty to pay or tender payment of the costs of appeal. As it has not only failed to show that this was done, but by demurring has admitted that it was not done, it has failed to make out a case.

A large part of the argument of the appellant and the appellee is devoted to a consideration of the question whether the act of June 24, 1885, P. L. 159, relating to costs in suits before aldermen and justices of the peace, repealed the act of March 2, 1868, P. L. 257 and its supplements, relative to appeals from the judgments of aldermen and justices of the peace in certain counties, of which Northumberland is one; The contention of the appellant being that the former act by implication repealed the special acts regulating the payment of costs on appeals from the judgments of justices and aldermen in the particular counties named in those acts, and that the Act of April 19, 1901, P. L. 84, permits defendants appealing from judgments of justices of the peace to do so by giving bail absolute for the payment of debt, interest and costs on affirmance of the judgment, and in that case to pay only the costs of appeal. This question does not arise, however, under the pleadings, and its consideration is not necessary to the determination of this case. The judgment of the court below was correctly entered on the issue as formed by the parties.

The judgment is affirmed.